# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JIMENEZ, an individual; HOPE SCOTT, an individual; L.J., a minor, by and through her guardian ad litem, CHERI SCOTT; M.J., a minor, by and through her guardian ad litem, CHERI SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO FAMILY HOUSING, LLC, a California limited liability company; LINCOLN MILITARY PROPERTY MANAGEMENT, L.P., a Delaware limited partnership; DOES 1 through 50,<br><br>Defendant. | Case No.: 3:21-cv-00027-BEN-AGS<br><br>**ORDER GRANTING JOINT MOTION TO STAY**<br><br>**[ECF No. 21]** |

## I. INTRODUCTION

Plaintiffs James Jimenez, an individual; Hope Scott, an individual; L.J., a minor, by and through her guardian ad litem, Cheri Scott; M.J., a minor, by and through her guardian ad litem, Cheri Scott (collectively, "Plaintiffs") bring this action against Defendants San Diego Family Housing, LLC, a California limited liability company; Lincoln Military Property Management, L.P., a Delaware limited partnership (collectively, "Defendants") relating to alleged uninhabitable conditions at their military housing. ECF No. 1 at 2-3, ¶ 1. Before the Court is the Joint Motion to Stay (the "Joint

Motion"). ECF No. 21. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Joint Motion.

## II. BACKGROUND

This matter is one of five cases involving allegations of untenable living conditions at various military housing properties. The other three, earlier-filed cases are *Vincent v. San Diego Family Housing, LLC*, 3:20-cv-1794-LAB-DEB; *Spangler v. San Diego Family Housing, LLC*, 3:20-cv-2287-W-DEB; and *Huffman v. San Diego Family Housing, LLC*, 3:20-cv-2514-H-JLB (collectively, the "Related Cases").

### A. Statement of Facts

Plaintiffs allege that they lived and occupied their former military housing located at 10276 Taussig Court, San Diego, California 92124 beginning on or about August 6, 2018. Complaint, ECF No. 1-2 ("Compl.") at 3,[1] ¶ 1, 5, ¶¶ 12-13. They plead that during their tenancy, they discovered various defective conditions, such as, *inter alia*, microbial growth and peeling paint, which Defendants failed to timely repair. *Id.* at 5-6, ¶¶ 15-16.

### B. Procedural History

On November 24, 2020, Plaintiffs filed their Complaint with the San Diego County Superior Court, alleging causes of action for (1) negligence; (2) nuisance; (3) constructive (wrongful) eviction; (4) negligent misrepresentation; (5) negligent infliction of emotional distress; (6) breach of rental agreement; (7) breach of implied warranty of habitability; (8) breach of implied covenant of quiet use and enjoyment; (9) rent abatement; and (10) negligence against contractor working on the premises. Compl. at 1.

On January 8, 2020, Defendants timely removed the case, ECF No. 1, and on January 15, 2021, they filed an Answer to the Complaint. *See* ECF No. 4. On March 19, 2021, Magistrate Judge Andrew G. Schopler granted the parties' joint motion to consolidate this case with the Related Cases for pretrial purposes. ECF No. 10.

On July 27, 2021, Defendants filed a Motion to Dismiss this case pursuant to Rule

---

[1] Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

12(b)(1) of the Federal Rules of Civil Procedure, arguing that Defendants qualify as government contractors entitled to derivative sovereign immunity. ECF No. 13 at 6:6-16. Defendants filed the same motion in all Related Cases. *See* Joint Motion, ECF No. 16 at 2:19-22. Thus, on August 18, 2021, the parties moved to continue the hearing date and responsive briefing deadlines for Defendants' Motion to Dismiss to permit the parties to engage in consolidated jurisdictional discovery before opposing Defendants' motion. *Id.* at 2:19-3:4. On August 24, 2021, the Court granted this request, and re-set the hearing date in this case to October 18, 2021. *See* Minute Order, ECF No. 17.

On September 29, 2021, the Parties filed this Joint Motion to Stay the Case pending global settlement of this case and all Related Cases. Joint Motion, ECF No. 21 at 2:1-4.

## III. LEGAL STANDARD

A court's decision to grant a stay is discretionary, "dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 432 (2009). The movant bears the burden of showing the circumstances justifying a stay. *Id.* at 433-34; *see Clinton v. Jones*, 520 U.S. 681, 708 (1997). A court may stay proceedings incidental to its power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether a stay is appropriate, a federal court considers the (1) "possibility damage may result from the granting of a stay," (2) "hardship or inequity which a party may suffer in being required to go forward," and (3) "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

## IV. DISCUSSION

The Parties seek a Court Order approving their Joint Motion to Stay Proceedings for ninety (90) days, including discovery and all pretrial deadlines imposed by the Local Rules and the Federal Rules of Civil Procedure, to allow the Parties to continue settlement discussions. Joint Motion, ECF No. 21 at 2:1-6. They note that "[t]he requested stay

would also have the benefit of potentially allowing time for issuance of an opinion by the Ninth Circuit Court of Appeals in *Childs v. San Diego Family Housing, LLC, et al.*, [Appeal] No. 20-56049, addressing the same derivative sovereign immunity issue that is the subject of Defendants' motion to dismiss in this matter," which the Ninth Circuit took under submission on August 31, 2021. *Id.* at 2:23-3:4.

Given the length of the stay is only ninety (90) days, the purpose of the stay is to facilitate settlement, and neither party opposes the stay, the Court grants the stay after concluding that (1) little to no damage will result from the stay, (2) no parties will suffer inequity as a result of the stay, and (3) the orderly course of justice measured in terms of simplifying issues warrants granting the stay.

## V.   CONCLUSION

For the above reasons, the Court **GRANTS** the Joint Motion as follows:

1. This case is stayed for ninety (90) days, at which point the stay will expire on Thursday, December 30, 2021.

2. If the parties fail to file a Notice of Dismissal pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure before December 30, 2021, then, the following dates will apply:

   a. A status conference will be held in Courtroom 5A on Monday, January 3, 2022, at 10:30 a.m.

   b. Given the Parties have not addressed whether the pending Motion to Dismiss is withdrawn in light of the settlement, the below dates will apply to that Motion:

   c. Plaintiffs' opposition brief will be due on Thursday, January 6, 2022.

   d. Defendants' reply brief will be due on Thursday, January 13, 2022.

   e. Unless submitted on the papers, the hearing on Defendants' Motion to Dismiss will take place on Monday, January 17, 2022.

3. All remaining deadlines and dates set forth in this matter are hereby vacated.

**IT IS SO ORDERED.**

DATED:  September 30, 2021

HON. ROGER T. BENITEZ
United States District Judge
3:21-cv-00027-BEN-AGS

-4-