

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES JIMENEZ, an individual; HOPE SCOTT, an individual; L.J., a minor, by and through her guardian ad litem, CHERI SCOTT; M.J., a minor, by and through her guardian ad litem, CHERI SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO FAMILY HOUSING, LLC, a California limited liability company; LINCOLN MILITARY PROPERTY MANAGEMENT, L.P., a Delaware limited partnership; DOES 1 through 50,<br><br>Defendant. | Case No.: 3:21-cv-00027-BEN-AGS<br><br>**ORDER DENYING JOINT MOTION TO STAY**<br><br>[ECF No. 26] |

## I. INTRODUCTION

Plaintiffs James Jimenez, an individual; Hope Scott, an individual; L.J., a minor, by and through her guardian ad litem, Cheri Scott; M.J., a minor, by and through her guardian ad litem, Cheri Scott (collectively, "Plaintiffs") bring this action against Defendants San Diego Family Housing, LLC, a California limited liability company; Lincoln Military Property Management, L.P., a Delaware limited partnership (collectively, "Defendants") relating to alleged uninhabitable conditions at their military housing. ECF No. 1 at 2-3, ¶ 1. Before the Court is the Second Joint Motion to Stay (the

"Joint Motion"). ECF No. 26. After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** the Joint Motion.

## II. BACKGROUND

This matter is one of five cases involving allegations of untenable living conditions at various military housing properties. The other three, earlier-filed cases are *Vincent v. San Diego Family Housing, LLC*, 3:20-cv-1794-LAB-DEB; *Spangler v. San Diego Family Housing, LLC*, 3:20-cv-2287-W-DEB; and *Huffman v. San Diego Family Housing, LLC*, 3:20-cv-2514-H-JLB (collectively, the "Related Cases").

### A. Statement of Facts

Plaintiffs allege that they lived and occupied their former military housing located at 10276 Taussig Court, San Diego, California 92124 beginning on or about August 6, 2018. Complaint, ECF No. 1-2 ("Compl.") at 3,[1] ¶ 1, 5, ¶¶ 12-13. They plead that during their tenancy, they discovered various defective conditions, such as, *inter alia*, microbial growth and peeling paint, which Defendants failed to timely repair. *Id.* at 5-6, ¶¶ 15-16.

### B. Procedural History

On November 24, 2020, Plaintiffs filed their Complaint with the San Diego County Superior Court, alleging causes of action for (1) negligence; (2) nuisance; (3) constructive (wrongful) eviction; (4) negligent misrepresentation; (5) negligent infliction of emotional distress; (6) breach of rental agreement; (7) breach of implied warranty of habitability; (8) breach of implied covenant of quiet use and enjoyment; (9) rent abatement; and (10) negligence against contractor working on the premises. Compl. at 1.

On January 8, 2020, Defendants timely removed the case, ECF No. 1, and on January 15, 2021, they filed an Answer to the Complaint. *See* ECF No. 4. On March 19, 2021, Magistrate Judge Andrew G. Schopler granted the parties' joint motion to consolidate this case with the Related Cases for pretrial purposes. ECF No. 10.

On July 27, 2021, Defendants filed a Motion to Dismiss this case pursuant to Rule

---

[1] Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

1  12(b)(1) of the Federal Rules of Civil Procedure, arguing that Defendants qualify as
2  government contractors entitled to derivative sovereign immunity. ECF No. 13 at 6:6-16.
3  Defendants filed the same motion in all Related Cases. *See* ECF No. 16 at 2:19-22. Thus,
4  on August 18, 2021, the parties moved to continue the hearing date and responsive
5  briefing deadlines for Defendants' Motion to Dismiss to permit the parties to engage in
6  consolidated jurisdictional discovery before opposing Defendants' motion. *Id.* at 2:19-
7  3:4. On August 24, 2021, the Court granted this request, and re-set the hearing date in
8  this case to October 18, 2021. *See* ECF No. 17.

On September 29, 2021, the Parties filed this Joint Motion to Stay the Case pending global settlement of this case and all Related Cases. ECF No. 21 at 2:1-4. On October 1, 2021, the Court granted the First Joint Motion to Stay, and stayed the case for ninety (90) days, at which pointed the stay would be set to expire on Thursday, December 30, 2021. ECF No. 22. The Court also set a status conference for January 3, 2022, at 10:30 a.m. *Id.*

On November 30, 2021, Magistrate Judge Andrew Schopler held a status conference and set a settlement conference for this and all related cases for January 14, 2022, at 9:00 a.m. ECF No. 24. However, at the parties' request, he later continued the settlement conference to January 28, 2022. ECF No. 25.

On December 14, 2021, the parties filed the instant Joint Motion to Stay the Entire Civil Action a second time. ECF No. 26.

### III. LEGAL STANDARD

A court's decision to grant a stay is discretionary, "dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 432 (2009). The movant bears the burden of showing the circumstances justifying a stay. *Id.* at 433-34; *see Clinton v. Jones*, 520 U.S. 681, 708 (1997). A court may stay proceedings incidental to its power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In considering a stay request, courts generally consider the following:

> (1) the interest of the plaintiffs in proceeding expeditiously with

-3-

3:21-cv-00027-BEN-AGS

> this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324-325 (9th Cir. 1995); *see also Doe 1 v. AOL LLC*, 719 F. Supp. 2d 1102, 1107-08 (N.D. Cal. 2010) (denying a stay after finding that "there is no compelling reason to delay this action further").

## IV. DISCUSSION

The Parties seek a Court Order approving their Joint Motion to Stay this case for an additional sixty-one (61) days to allow the Parties to continue settlement discussions. ECF No. 26 at 2:1-6. They indicate that since the Court's order two months ago staying the case until December 30, 2021, they have "met and conferred and continue to believe that a global settlement of this and four similar matters is possible." *Id.* at 2:19-22. They state that if the cases are resolved at the January 28, 2022 settlement conference, they "anticipate significant additional time will be needed thereafter to document and finalize the settlement(s) due to the need to submit minors' compromises in each matter." *Id.* at 2:24-3:3." Thus, they request a stay until March 1, 2022. *Id.* at 3:4-5.

The Court notes that Defendants still have a pending Motion to Dismiss on the docket that was filed on July 31, 2021. *See* ECF No. 13. Previously, the parties advised that "[t]he requested stay would also have the benefit of potentially allowing time for issuance of an opinion by the Ninth Circuit Court of Appeals in *Childs v. San Diego Family Housing, LLC, et al.*, [Appeal] No. 20-56049, addressing the same derivative sovereign immunity issue that is the subject of Defendants' motion to dismiss in this matter," which the Ninth Circuit took under submission on August 31, 2021. ECF No. 21 at 2:23-3:4. However, the *Childs* case is still awaiting issuance of the written opinion, and in the interim, Defendants have not withdrawn the pending motion. If the Court granted the requested stay, it would result in the case being stayed for a sum total of 151

days, or approximately five months, which is more than ample time for the parties to determine whether the case will settle. Further, in that 151 days, Defendants' motion will have been pending without a ruling for eight months, and Defendants do not indicate that they intend to withdraw the motion.

On the one hand, the stay would not give rise to the "possibility of damage" or "hardship or inequity." *CMAX*, 300 F.2d at 268. However, "[a] court also considers how granting a stay will impact the efficient use of judicial resources, including the court's ability to clear its docket." *Chrome Hearts, LLC v. Old Sch. Fairfax, Inc.*, No. 2:16-cv-09080ABJPRX, 2018 WL 1942766, at *3-4 (C.D. Cal. Feb. 26, 2018) (citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989) (noting that the district court did not abuse its discretion by denying the defendant's motion to stay where the district court had considered its "interest in clearing its docket"). Here, Defendant's Motion to Dismiss remains pending on the Court's docket, and by the time the requested stay would lift, it would have been pending for eight months. Further, the parties have already been granted two months to decide upon a settlement since their last request but appear to have made no progress and now request an additional two months.

Because granting this stay would result a total stay of 151 days, and a motion pending on the Court's docket for eight months, the Court **DENIES** the Joint Motion.

## V.   CONCLUSION

For the above reasons, the Court **DENIES** the Joint Motion as follows:

1.   This case remains stayed until Thursday, December 30, 2021.

2.   The previously set Status Conference scheduled for Courtroom 5A on Monday, January 3, 2022, at 10:30 a.m. is vacated.

3.   If the parties fail to file a Notice of Dismissal pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure before February 11, 2022, then, the following dates will apply:

   a.   A status conference will be held in Courtroom 5A on Monday, February 14, 2022 at 10:30 a.m.

b. Given the Parties have not addressed whether the pending Motion to Dismiss is withdrawn in light of the settlement, but a settlement conference is scheduled for January 28, 2022, the below dates will apply to that Motion:

c. Plaintiffs' opposition brief will be due on Friday, February 18, 2022.

d. Defendants' reply brief will be due on Friday, February 25, 2022.

e. The previously set hearing date is vacated given the Court finds the matter appropriate for submission on the papers.

**IT IS SO ORDERED.**

DATED:   December 17, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge