UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James JIMENEZ, Hope Scott, Cheri Scott as guardian ad litem for minors L.J and M.J.;<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO FAMILY HOUSING, LLC, a California Limited Liability Company; LINCOLN MILITARY PROPERTY MANAGEMENT LP, a Delaware Limited Partnership; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: 21-cv-0027-JM-AGS<br><br>**REPORT AND RECOMMENDATION TO DENY MINORS' COMPROMISE (ECF 44)** |

Plaintiffs, including the guardian ad litem for minors L.J. and M.J., seek an order approving a proposed settlement of the minors' claims. Because it is unclear whether the settlement serves the minors' best interests, the Court recommends that the motion to approve the minors' settlement be denied.

## BACKGROUND

This suit arises from allegations that defendants, as landlords, failed to adequately address general deterioration and mold build-up in plaintiffs' military housing. (*See* ECF 1-2, at 5–6.) As a result, plaintiffs sued under California law for various types of negligence, nuisance, constructive eviction, breach of warranty, and rent abatement. (*See generally* ECF 1-2, at 7 through ECF 1-3, at 19.) Plaintiffs claim that they suffered "allergy"-like health reactions, with minor plaintiff L.J. also coping with "respiratory illness," "damage to left lung," "seizures," and "skin conditions," and M.J. enduring "sinus infection," "wheezing," and the removal of his tonsils. (ECF 1-2, at 6–7.)

The parties agreed to settle the suit for $100,000, of which L.J. and M.J. will each receive $5,000. (*See* ECF 44, at 2.) Plaintiffs James Jimenez and Hope Scott—the minors' parents—will receive the remainder. (*Id.*) Counsel has waived any fees against the minors' recovery. (*Id.* at 3.) And all lien costs associated with the minors' medical care will come

1

from the parents' portion. (*Id.*) The parties propose to deposit the minors' recovery into an "interest-bearing, federally insured blocked account" "until the minor reaches 18 years of age." (*Id.*)

## DISCUSSION

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted). The Court must limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Id.* at 1182. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

This Court's Local Rules also contemplate the use of the California procedures to approve minors' compromises. *See* CivLR 17.1(b)(1) ("Money or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, et seq."). Relevant to this settlement, those sections authorize the court, if it is in the best interests of the child, to order the settlement funds to be deposited "in an insured account in a financial institution in this state . . . subject to withdrawal only upon the authorization of the court." Cal. Prob. Code 3611(b) & (e).

The undersigned is familiar with the facts of this case: this Court participated in a global settlement conference for this and several related cases. (*See* ECF 29.) At first blush plaintiffs appear to have a good case, although litigation is always uncertain. There is some additional risk in this case, as it was subject to a motion to dismiss based on jurisdictional grounds that may have foreclosed plaintiffs' suit entirely. (*See* ECF 13.) Plaintiffs also faced several costly medical battles to prove causation and damages, not to mention the

potential delay caused by additional years of litigation. The parents have also agreed to cover any lien costs from their settlement amounts. These facts each weigh in favor of the settlement being fair and in the minors' best interests.

Similarly, the proposed attorney fees distribution—that is, plaintiffs' attorneys waiving all collection from the minors—weighs in favor of approving the request. *See Napier v. San Diego Cty.*, No. 315CV00581CABKSC, 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017) ("In California, courts are required to approve the attorneys' fees to be paid for representation of a minor."). Finally, the procedure for disposition of the funds— placing them in a blocked account until the minors reach the age of majority—is consistent with the California Probate Code. *See* Cal. Prob. Code 3611(b); (ECF 56, at 3).

But unlike related cases with similar settlement amounts, the minors' symptoms here appear to be substantially more severe. Plaintiffs allege that L.J. has suffered lung damage. Prior respiratory-illness cases in which similar minors' settlements were deemed reasonable involved mitigating or extenuating factors that are noticeably absent here. *See Smith v. AMETEK, Inc.*, No. 3:20-CV-2359-TWR-BLM, 2021 WL 4077580, *1, *6 (S.D. Cal. Sept. 8, 2021) (recommending approving a $5,000 minor's settlement when the minor required "breathing treatments" and "inhalers" for injuries caused by "mold build-up," but the minor had since "fully recovered"); *see also Caballero v. San Diego Fam. Hous., LLC*, No. 3:22-CV-0337-JM-AGS, 2022 WL 4117030, *1, *3 (S.D. Cal. Sept. 9, 2022) (recommending approving settlement amounts of $8,000 to $21,000 for minors who experienced "shortness of breath" and "respiratory illness" from "mold build-up" after considering a mediator's report that was "very detailed, thorough, and thoughtful").

The crucial facts that may have reassured the *Smith* or *Caballero* courts about the reasonableness of those minors' settlements are not readily apparent here. Plaintiffs did not provide any information on whether L.J. has recovered from the lung damage nor detailed the seriousness of that damage. And while proving causation can be difficult for these injuries, plaintiffs have not given the Court sufficient reason to believe that this is a particular concern in the case of L.J. (lung damage) or M.J. (tonsils). Again, the settlement

must be "fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. There is not enough information for the Court to reach that conclusion.

In sum, if defendant's conduct or omissions caused L.J. to suffer lasting lung damage and for M.J. to undergo surgery to remove his tonsils, then a $5,000 settlement is not reasonable compared to other minor plaintiffs in related cases. On the other hand, if it turns out that the minor plaintiffs' symptoms were not as serious as alleged or that showing causation has been especially difficult, then the settlement amount may be reasonable. Because the minor plaintiffs' symptoms are alleged to be relatively serious, and plaintiffs did not address any causation difficulties in its motion, the Court should deny the motion to approve the minors' settlements.

## CONCLUSION

The Court finds that Plaintiffs have not adequately shown that the proposed settlement is in the best interests of the minor plaintiffs. Accordingly, the Court recommends that:

1. The motion to approve the settlement (ECF 44) be **DENIED.**
2. The Court find that the compromise and settlement of the claims of the minors is not fair and reasonable and in the best interests of the minor plaintiffs without further briefing by Plaintiffs.

Any objections to this report and recommendation are due by December 1, 2022. *See* 28 U.S.C. 636(b)(1). A party may respond to any such objection within 14 days of being served with it. *See* Fed. R. Civ. P. 72(b)(2).

Dated:  November 17, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge