UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James JIMENEZ, Hope Scott, Cheri Scott as guardian ad litem for minors L.J and M.J.;<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO FAMILY HOUSING, LLC, a California Limited Liability Company; LINCOLN MILITARY PROPERTY MANAGEMENT LP, a Delaware Limited Partnership; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.:  21-cv-0027-JM-AGS<br><br>**REPORT AND RECOMMENDATION TO GRANT AMENDED MINORS' COMPROMISE (ECF 46)** |

In a prior report, this Court recommended that the plaintiffs' motion to confirm a settlement of the minor plaintiffs' claims be denied. (*See* ECF 45.) Specifically, the Court concluded that a number of factors—the litigation posture, attorneys' fees handling, and proposed settlement distribution method—weighed in favor of finding the settlement to be in minor plaintiffs' "best interests." (*Id.* at 3.) But the Court was concerned that the proposed settlement amounts—$5,000 per minor—were less than "similar settlements" for minors who had less serious damages allegations. (*Id.*) So the Court recommended that, because "the minor plaintiffs' symptoms are alleged to be relatively serious," the minors' compromise motion should be denied unless plaintiffs demonstrated that "the minor plaintiffs' symptoms were not as serious as alleged or that showing causation has been especially difficult." (*Id.* at 4.)

Plaintiffs have now filed an amended motion to address the Court's concerns. First, they propose to increase L.J.'s recovery, as the more seriously impacted minor, to $15,000. (ECF 46, at 2.) Plaintiffs clarify that L.J. was born with "Cornelia de Lange Syndrome," which they contend made him more susceptible to respiratory infections and thus subject to greater harm during the time the family lived at defendants' housing. (*Id.*) Second,

plaintiffs explain that, since moving away from the contaminated residence, both minors' mold-related symptoms have "abated." (*Id.* 2–3.)

In addition, plaintiffs continue to request a blocked account and to aver that all attorneys' fees and lien costs will come out of the parents' recovery. (ECF 46, at 4.) The Court still believes these facts weigh in favor of finding the settlements to be in the minors' best interests. (*See* ECF 45, at 3.)

In light of plaintiffs' updated showing, the Court concludes that the settlement is now in the minor plaintiffs' best interests. Accordingly, the Court recommends that:

1. The amended motion to approve the settlement (ECF 46) be **GRANTED.**
2. The Court find that the compromise and settlement of the claims of the minors is fair and reasonable and in the best interests of the minor plaintiffs.
3. The distribution of the proceeds be handled as outlined in plaintiffs' motion.

Any objections to this report and recommendation are due by December 6, 2022. *See* 28 U.S.C. 636(b)(1). A party may respond to any such objection within 14 days of being served with it. *See* Fed. R. Civ. P. 72(b)(2).

Dated:  November 22, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge